NELSON (CROPPER v.). See Case No. 3,417.

---

## Case No. 10,104.

### NELSON et al. v. CUTTER et al.

[3 McLean, 326;[1] 1 West. Law J. 359.]

Circuit Court, D. Ohio. April 10, 1844.

ARREST — AFFIDAVIT TO HOLD TO BAIL — SUFFICIENCY—STATEMENT OF NECESSARY FACTS—OPINION OR BELIEF—HABEAS CORPUS.

1. An affidavit to hold to bail must be positive as to the indebtment.

2. The opinion or belief of the affiant is insufficient.

3. On a habeas corpus the court will inquire whether the capias was rightfully issued.

[Cited in Blake's Case, 106 Mass. 504; Ex parte Rollins, 80 Va. 318.]

4. And this involves the sufficiency of the affidavit.

[Cited in Spice v. Steinruck, 14 Ohio St. 221.]

[5. Cited in Ex parte Davis, 17 Neb. 442, 23 N. W. 364, to the point that, where the affidavit upon which the arrest is based states facts, the legal tendency of which is to make out a case in all its parts, although the proof may be slight, and not entirely satisfactory, the arrest will be valid until set aside by a direct proceeding for that purpose.]

[T. Walker and W. M. Corry, for defendants [Cutter & Tyrrell], claimed a discharge on habeas corpus, on two grounds: First, because the affidavit did not state that the deponent was the authorized agent of plaintiffs [Nelson & Graydon]; and, secondly, because the affidavit was not positive, but only as to deponent's opinion, information, and belief.

[C. Fox and Howard, for plaintiffs, insisted that the court, on habeas corpus, could not go behind the capias, and try the sufficiency of the affidavit. But if this could be done, the present affidavit was sufficient.

[Judge McLEAN held otherwise, and ordered the defendants to be discharged, because the affidavit was not positive. He considered the agency sufficiently set forth.][2]

Fox & Howard, for plaintiffs.
Walker & Carey, for defendants.

McLEAN, Circuit Justice. The defendants were arrested on a capias ad respondendum, founded upon the following affidavit: "The United States of America, District of Ohio. I, William A. Woodward, of the city and state of New York, being duly affirmed, depose and say, that Nelson & Graydon are merchants, residing in the city and state of New York, and that I am informed and verily believe, that the said Amos Cutter and Jacob Tyrrell, partners, trading and doing business under the firm of Cutter & Tyrrell, are citizens of the city of Cincinnati, in the state of Ohio, and that the said Cutter & Tyrrell are justly indebted to the said Nelson & Graydon, in

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [From 1 West. Law J. 359.]

the sum of eleven hundred and twenty-five dollars and four cents, by virtue of a promissory note described in the foregoing precipe, exclusive of all offsets; which said promissory note was given for goods and merchandise, sold by the said Nelson & Graydon to the said Cutter & Tyrrell; and I do further depose and say, that I verily believe said Cutter & Tyrrell are about to convert their property into money for the purpose of placing it beyond the reach of their creditors; that they have property and rights in action, which they fraudulently conceal; and that they have disposed of, and are about to dispose of their property, with intent to defraud their creditors. And I do further depose and say, that my opinion is founded upon statements and information given to me by the said Cutter & Tyrrell, themselves, and on examination of their books and accounts, and information of individuals residing in the neighborhood of the said Cutter & Tyrrell: and I do further depose and say, that I am acting in this matter as the agent of the said Nelson & Graydon." Signed. "W. A. Woodward," which affidavit is duly certified.

The counsel move for the discharge of the defendants on two grounds: 1. Because the facts are stated by the affiant, from his information and belief. 2. Because he does not state that he was the authorised agent of the plaintiffs.

On the part of the plaintiffs it is insisted, that on the habeas corpus the court cannot go behind the capias and inquire into the sufficiency of the affidavit. If this were a regular term, it would only be necessary to bring the sufficiency of the affidavit before the court, to move for the discharge of the defendants. But, in vacation, the defendants are brought up on the present writ, to enable me to inquire into the cause of their detention. The writ on which the arrest was made is produced by the gaoler, but that writ, unsupported by an affidavit, did not authorise the arrest. Indeed it cannot legally be issued without an affidavit. The affidavit, therefore, is so connected with the writ, as to constitute an essential part of it. Separate it from the writ, and the defendants must be discharged. The personal liberty of the defendants is concerned, and in such a case a presumption does not arise against that liberty.

By the third section of the act of this state, to abolish imprisonment for debt it is provided, that if any creditor, his authorised agent or attorney, shall make oath or affirmation in writing, &c. that there is a debt or demand justly due to such creditor, of one hundred dollars or upwards, specifying, as nearly as may be, the nature and amount thereof, and establishing one or more of the following particulars: 1. That the defendant is about to remove his property out of the jurisdiction of the court, with intent to defraud his creditors: or, 2. That he is about to convert his property into money for the purpose of placing it

beyond the reach of his creditors, &c. &c. This affidavit was not intended to be a mere formal matter. The debt must be positively stated to be justly due. Not that it is due in the opinion or belief of the witness from an examination of the account or the written instrument on which the action is founded. If something more than this evidence of indebtment were not required, a capias would have been given without an affidavit. Under an Indiana statute, containing similar provisions to the above, the supreme court held, "in actions on contract, the affidavit, whether made by the plaintiff himself, or by a third person, must show that there is, at the time of suing out the writ, an existing debt actually due, for which an arrest may be lawfully made. It must be positive as to the sum due, and not as the deponent believes, nor as appears by an account stated," &c. Lewis v. Brackenridge, 1 Blackf. 112. A similar decision was made by the circuit court in the district of Illinois. Wright v. Cogswell [Case No. 18,074]. The agency of the affiant is sufficiently shown. The defendants are discharged.