In the matter of JESSE N. SMITH, on application for an *Habeas Corpus.*

In order to an arrest under a *capias ad respondendum*, the affidavit should show, by facts stated, and circumstances detailed, that a strong presumption exists that the party against whom the writ is to issue, has been guilty of a fraud, or that he has refused to surrender his estate for the benefit of his creditors, as required by law.

To state in the affidavit made to authorize the issuing of the *capias ad res.*, that the benefit of whatever judgment may be obtained will be in danger of being lost, is not sufficient to hold a party to bail.

JESSE N. SMITH presented his petition to this court, stating that he was confined in the jail of Cook county; that he was arrested by the sheriff of said county, by virtue of a *capias ad respondendum* issued out of the Circuit Court of said county, and committed for want of bail; that the next day after his arrest, he demanded to be taken before the county judge to be discharged therefrom, under the provisions of the fifty-second chapter of the Revised Statutes, entitled "Insolvent Debtors;" that the county judge was just then about to leave the county for some weeks, and would not hear said application; that his detention was illegal, because the affidavit on which the process issued, did not charge facts showing fraud, or a strong presumption thereof, within the inception of the demand sued for, or the subsequent acts of petitioner, nor did it charge a refusal by petitioner, to deliver up his estate for the benefit of his creditors, in the manner prescribed by law; that the facts stated in the affidavit to ground the writ for his arrest, did not bring petitioner within the exceptions contained in the fifteenth section of the thirteenth article of the State Constitution; that no issue could be made before the county judge, for jury to try, thereupon petitioner prayed for the writ of habeas corpus, and his discharge.

It appeared that an application of a similar character had

been made to the judge of the Circuit Court of Cook county, who, after a hearing, remanded the petitioner to the custody of the sheriff, refusing his release.

The capias issued against Smith, the petitioner, and four others. Smith alone was arrested.

It was stipulated by the counsel of Smith, and the counsel who represented the plaintiff in the capias, that all the facts should be considered by the court, upon the order for the writ of habeas corpus, and that Smith need not be brought into court.

FARNSWORTH and BURGESS, for Smith.

DICKEY, MATHER and TAFT, *contra.*

CATON, J. The petitioner was arrested on a *capias ad respondendum*, issued at the suit of Anderson, against him and others, and in default of bail was committed to jail. The return sets forth the affidavit upon which the writ was issued, which shows the existence of the debt, and avers that the benefit of whatever judgment the plaintiff might recover in the action, would be in danger of being lost, unless the defendant should be held to bail. It shows nothing more.

The second section of the fourteenth chapter of the Revised Statutes provides: "In all actions to be commenced in any court of record in this State, and founded upon any specialty, bill or note in writing, or on the judgment of any court, foreign or domestic, and in all actions of covenant and account, and actions on verbal contracts or assumpsits in law, in which the plaintiff or other credible person, can ascertain the sum due, or damages sustained, and that the same will be in danger of being lost unless the defendant or defendants be held to bail, and shall make affidavit thereof before the clerk of the court from which process issues," etc., " and such affidavit shall be delivered to such clerk, who shall issue a capias, and indorse thereon an order or direction to the sheriff or officer to whom such process shall be directed, to hold the defendant or defendants to bail, in the sum so specified in such affidavit."

The substance of this statute appears to be, that if the demand sued upon, is of such a nature that the plaintiff, or other credible person, can ascertain the amount due, and that the benefit of whatever judgment may be obtained, will be in danger of being lost unless the defendant is held to bail, and shall make affidavit thereof, etc., a capias shall issue. This statute has been in force, in its present phraseology, for nearly thirty years, under the late and present constitutions, and is now, for

the first time, brought before this court for its consideration. That its constitutionality has often been questioned at the bar, and that it has been differently construed by various judges at chambers, and by the circuit courts, is undoubtedly true, and yet there is no doubt that the common practice has been to follow the language of the statute, and to hold to bail whenever an affidavit has been filed, as in this case, showing the cause of action and the amount of the debt due, and stating generally, that the benefit of the judgment will be in danger of being lost if the defendant is not held to bail, without showing why it will be in danger, or what will endanger it, or any circumstance required by the constitution, to subject the defendant to imprisonment for debt. The fifteenth section of the thirteenth article of the new constitution, is a literal copy of the fifteenth section of the eighth article of the old constitution, and is as follows: "No person shall be imprisoned for debt, unless upon a refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." Now it is immaterial what the legislature may have said, they could prescribe no rule for imprisonment for debt, except in conformity to this provision of the constitution. They might prescribe a mode by which the debtor should surrender his estate for the benefit of his creditors, and for his failure to surrender his estate accordingly, they might provide for his imprisonment. Or they might provide for his imprisonment in case of strong presumption of fraud. This statute, in terms, does not provide for either; and if we are to construe the statute by itself alone, and understand it as saying that the general averment, that the judgment to be recovered will be in danger of being lost, unless the defendant be held to bail, shall be only required to be stated in the affidavit to justify the imprisonment, there seems to be no escaping the conclusion, that the legislature have authorized imprisonment for debt in a case where it is forbidden by the constitution. That is plain, palpable and undeniable. Rather than impute such an intention to the legislature, we prefer to construe their act in connection with, and under the influence of, the constitution, and understand them as meaning, that the affidavit shall show by facts stated, and circumstances entailed, what the constitution requires, that is, either that the defendant has refused to surrender his estate for the benefit of his creditors, as required by law, or he must, by the facts stated, raise a strong presumption that the defendant has been guilty of a fraud. We must either construe the law this way, in order to make it harmonize with the constitution, and thus sustain it, or we must hold it to be in violation of the constitution, and overthrow it. By this

construction, we presume that the legislature intended to submit to the paramount law; by any other, we must declare that they violated it.    We cannot hesitate as to which is the most proper course for us to take.

By testing the affidavit shown in this return by the law as thus understood and interpreted, it was insufficient to authorize the emanation of the writ, and the imprisonment of the defendant.    It states no fact or circumstance whatever, but merely the conclusion, that the benefit of the judgment to be obtained will be in danger of being lost, if the prisoner is not held to bail. This was insufficient.    The prisoner must be discharged.

*Application allowed.*