20  291
158  288

Truman B. Gorton, Plaintiff in Error, *v.* William Frizzell, Defendant in Error.

ERROR TO ROCK ISLAND.

An affidavit to hold to bail must show that the defendant has refused to surrender his estate, or has been guilty of fraud.

An affidavit before a justice of the peace, which states that a defendant " withholds his money or secretes his property from the officer so that the debt cannot be levied," is insufficient to authorize the arrest of the debtor.

Gorton *v.* Frizzell.

When a capias recites such an affidavit as its foundation, an officer who executes it will be a trespasser; he cannot justify under a void writ.

In an action against a sheriff for the escape of a party arrested under such a process, the court should instruct the jury that it is void, or should exclude it from the jury altogether.

THIS is an action of debt for an escape, commenced by the defendant in error against the plaintiff in error, in the Rock Island Circuit Court.

The summons and declaration claim $102 debt, and $200 damages.

The declaration avers that the plaintiff, on the 10th of July, 1855, before E. R. Bean, J. P. of Rock Island county, recovered a judgment against James Bowie, for $102 and the plaintiff's costs; that on the 20th of July, 1855, the plaintiff sued out a *capias ad satisfaciendum* upon the judgment, which was delivered to a constable, by virtue of which writ he arrested James Bowie and conveyed him to the common jail, where he delivered Bowie to the defendant, Gorton, who was sheriff of the county; that the defendant received and detained Bowie by virtue of the writ; and afterwards, without the leave and license and against the will of the plaintiff, the said Bowie escaped and was permitted to go at large by the defendant, the said judgment, interest and costs being wholly unpaid.

The second count is the same, except that it avers that the *ca. sa.* was delivered by the justice of the peace, to the defendant, Gorton, for execution, and that he arrested Bowie.

The defendant filed his pleas. First, *nil debet;* second, that the *ca. sa.* was null and void, and not sufficient to justify the defendant in detaining Bowie.

On these pleas issue was joined.

At the June term of the Rock Island Circuit Court, A. D. 1856, DRURY, Judge, presiding, the cause was tried before a jury.

The plaintiff offered a paper in evidence, which reads as follows, to wit:

STATE OF ILLINOIS, } *ss.*
    ROCK ISLAND CO. }

I do solemnly swear that I do verily believe James Bowie to be able to pay $101.66, the amount of a judgment, costs and interest recovered by me on the 10th day of July, 1855, before E. R. Bean, J. P., and that he withholds his money or secretes his property from the officer, so that the debt cannot be levied.

WM. FRIZZELL.

Subscribed and sworn to before me, this 20th }
    day of July, 1855. E. R. BEAN, *J. P.* }

STATE OF ILLINOIS, } *ss.*
    ROCK ISLAND CO. }

*The People of the State of Illinois to any Constable of said County, Greeting:*

*Whereas,* Wm. Frizzell recovered a judgment against James Bowie, before E.

R. Bean, a justice of the peace, on the 10th day of July, 1855, which judgment, cost and interest, amounts to $101.66, and whereas has this day made oath before me, E. R. Bean, a justice of the peace for said Rock Island county, as follows, to wit: That .he does verily believe James Bowie to be able to pay $101.66, the amount of a judgment, costs and interest recovered by Wm. Frizzell on the 10th day of July, 1855, before E. R. Bean, a justice of the peace, and that he withholds his money or secretes his property from the officer, so that the debt cannot be levied. You are therefore hereby commanded to arrest the said James Bowie, and him convey to the common jail of said county, and the sheriff or jailor is commanded to receive and safely keep him in said jail till he pay the debt or be discharged by due course of law.

Given under my hand and seal this day of July, A. D. 1855.

E. R. BEAN, *J. P.* [SEAL.]

To the introduction of this paper the defendant objected, because the same was invalid and void as a writ of *ca. sa.*

The court gave, on behalf of the plaintiff, the following instructions, to which the defendant excepted :

1. If the jury believe, from the evidence, that the judgment was obtained by the plaintiff against James Bowie, and a *capias ad satisfaciendum* was issued thereon as alleged in the declaration in this cause, that he was arrested on such *capias,* and committed to the custody of the jailor of Rock Island county, who was then and there the jailor and deputy of the defendant, and that afterwards said jailor and deputy voluntarily permitted said Bowie to go at large, then the plaintiff is entitled to recover against the defendant in this cause, and the measure of damages is, etc.

2. The permitting a person who is committed to jail to go out of jail, and at large, is an escape within the meaning of the law in such a case as the one under consideration.

The defendant asked the court to give the following instructions, which were refused, and the defendant excepted.

3. If the jury believe, from the evidence, that the said James Bowie was committed to Ezra M. Beardsly, the jailor of Rock Island county, and was permitted by the said Beardsly to escape and go at large, without the knowledge or consent of the defendant, and that the act of Beardsly was not confirmed afterwards by the defendant, and that the defendant had no other or further connection with said escape, then they will find for the defendant.

4. If the jury believe, from the evidence, that the *ca. sa.* by which Bowie was arrested and committed to jail was void, then they will find for the defendant, and they are further instructed that the *ca. sa.* offered in evidence in this case, is void.

The jury returned a verdict for the plaintiff of the sum of

one hundred and two dollars and ninety-one cents, debt, and five dollars and sixty-six cents, damages.

The defendant moved for a new trial, which motion was overruled.

The defendant also moved in arrest of judgment, because there is no sufficient cause of action shown by the declaration, but it discloses the fact that the pretended judgment on which the *ca. sa.* issued was void for want of jurisdiction in the justice of the peace, and because the verdict finds more for the plaintiff than he can have judgment for. Which motion was overruled.

The court entered judgment for the plaintiff below.

The case was brought by the defendant below to this court by writ of error.

WILKINSON & PLEASANTS, and GOUDY & JUDD, for Plaintiff in Error.

N. H. PURPLE, for Defendant in Error.

BREESE, J.   This was an action of debt, brought by the defendant in error against the plaintiff in error, sheriff of Rock Island county, for an escape.

The declaration contains two counts; the first avers that the plaintiff, on the tenth of July, 1855, before a justice of the peace of Rock Island county, recovered a judgment against one James Bowie, for one hundred and two dollars and costs; and that on the 20th July, he sued out a *capias ad satisfaciendum* upon the judgment, which was delivered to a constable of that county, on which he arrested Bowie and conveyed him to the common jail, and delivered him to Gorton, who was sheriff of the county; that the defendant received and detained Bowie by virtue of the writ, and afterwards, without the leave or license and against the will of the plaintiff, Bowie escaped and was permitted to go at large by the defendant, the judgment, interest and costs being wholly unpaid.

The second count is substantially the same, averring that the *ca. sa.* was delivered by the justice of the peace to Gorton for execution, and that he arrested Bowie.

The defendant pleaded *nil debet*, and that the *ca. sa.* was null and void and not sufficient to justify the defendant in detaining Bowie, and issues were joined.   A *fi. fa.* had been issued and returned *nulla bona*.

The controversy grows out of this second plea, though other pleas were filed, not necessary to be noticed.

It was upon this affidavit the *ca. sa.* issued : "State of Illinois, Rock Island county, ss : I do solemnly swear that I do verily believe James Bowie to be able to pay $101.66, the amount of a judgment, costs and interest, recovered by me on the tenth day of July, 1855, before E. R. Bean, Esq., J. P., and that he withholds his money or secretes his property from the officers, so that the debt cannot be levied. Wm. Frizzell."

And this was the capias which issued on this affidavit :

"State of Illinois, Rock Island Co. The people of the State of Illinois to any constable of said county, greeting :

"Whereas William Frizzell recovered a judgment against James Bowie before E. R. Bean, a justice of the peace, on the 10th day of July, 1855, which judgment, cost and interest, amounts to $101.66 ; and whereas has this day made oath before me, E. R. Bean, a justice of the peace for said Rock Island county, as follows, to wit : That he does verily believe James Bowie to be able to pay $101.66, the amount of a judgment, costs and interest, recovered by Wm. Frizzell, on the tenth day of July, 1855, before E. R. Bean, a justice of the peace, and that he withholds his money or secretes his property from the officer, so that the debt cannot be levied.

"You are therefore commanded to arrest the said James Bowie, and him convey to the common jail of said county, and the sheriff or jailor is commanded to receive and safely keep him in said jail till he pay the debt or be discharged by due course of law. Given under my hand," etc.

The defendant objected to the introduction of this writ, but the court overruled the objection, and the defendant excepted.

The fourth instruction asked by the defendant, based upon the writ, was this :

"If the jury believe, from the evidence, that the *ca. sa.*, by which Bowie was arrested and committed to jail, was void, then they will find for the defendant, and they are further instructed that the *ca. sa.* offered in evidence in this case, is void."

In conformity with the decision by this court, *ex parte* Jesse N. Smith, 18 Ill. R. 347, this instruction should have been given, or rather the last branch of it, the jury having no right to pass upon the legality of the process. The court, in the first place, when objection was made to its going to the jury, should have excluded it, and when requested, should have told the jury that it was a void process.

Being void, the defendant could not have justified under it in an action against him for false imprisonment. The sheriff had notice by the recital of the affidavit set out in the writ, that the justice of the peace had no jurisdiction or power to issue it, and that he could not execute it without being a trespasser. An

officer cannot justify under a void writ. *Brother and January* v. *Cannon*, 1 Scam. R. 200; *McDonald* v. *Wilkie*, 13 Ill. R. 22; *Barnes* v. *Barber*, 1 Gilm. R. 401.

The case *ex parte* Smith determines that an affidavit to hold to bail must show, by facts stated and circumstances detailed, what the constitution requires, that is, either that the defendant has refused to surrender his estate for the benefit of his creditors as required by law, or he must, by the facts stated, raise a strong presumption that the defendant has been guilty of a fraud. Neither of which is shown by the affidavit and *ca. sa.* in this case.

There is no averment in the affidavit that the defendant had money which could be appropriated to this debt. It may have been held to be appropriated to another debt. Nor is there any averment that the defendant had any property, or that such as he may have had, was not exempt from execution. And besides, the affidavit is in the alternative, and does not set forth the circumstances on which the presumption of fraud can be raised.

The judgment is reversed and the cause remanded.

*Judgment reversed.*