Peck, O.J.
The counsel for plaintiffs in error urge a reversal of the judgment upon two principal grounds :
1. That the court below erred in permitting the amended petition to be filed, after the arguments to the jury were closed and against the protest of the defendants in that action.
2. That the court also erred in charging the jury that the affidavit, upon which the order of arrest was issued, was insufficient in law, the arrest under it void, and the parties causing such arrest, in law, trespassers.
Leave to make this amendment was solicited and allowed after all the proof had been heard by the court, and upon the alleged ground, that such amended petition would conform the pleading to the facts proved. It was a motion addressed to the sound discretion of the court which had heard the testimony, and could therefore determine its legal tendencies, and if in its opinion, there was legal testimony tending to prove the case made by the petition as proposed to be amended, and that such amendment would be in furtherance of justice, it was the duty of the court under section 137 of the code of civil procedure, to permit it to be made, under such guards *216 and restrictions, as were right and proper for the protection of the defendants; provided it did not change substantially the claim of the plaintiff.
The plaintiff below by his original petition, sought to recover damages for his wrongful arrest and imprisonment under the aggravating circumstances therein set forth, and he seeks to effect precisely the same object in the petition as amended. The substantial claim in both petitions is the same — damages for his wrongful arrest and detention under process issued at the instance of defendants. The quo modo — the precise manner in which the wrong was inflicted, whether by the instrumentality of a void process, or of a process which had been abused and perverted, was of secondary importance.
Counsel for plaintiffs in error seems to suppose that, inasmuch, as the original petition makes a case which, under the old system, would have been denominated an action for malicious prosecution, while the amended petition, charges the same imprisonment to' have been made illegally and with force, that a substantial change was thereby wrought in the claim of the plaintiff. In the one case, it is true, it would be necessary to show malice and want of probable cause for the arrest; while in the other it must appear, that the process or order by which it was effected was absolutely void; but in all other respects — the proof in regard to the wrongful seizure and detention under the order and execution, the circumstances surrounding the parties and the damages resulting to the plaintiff would be the same. The amendment relieved the plaintiff from establishing one fact as a part of his case, and imposed upon him the duty of proving another not required by the original petition, but still it left the real gravamen of the coinplaint alike common to both.
The code abolished the varied forms of civil actions theretofore in use, and established one general form applicable alike to all causes of complaint. How, then, can it be said, that an amendment which still demands damages for the wrongful arrest set forth and complained of in the original petition, and only varies from it, in its statement of the manner in which that arrest was effected, creates such a substantial change in *217 the claim, as precludes its being made under section 137. The proposed amendment was clearly in furtherance of justice. It proffered a speedy and comparatively inexpensive trial on the merits. It sufficiently guarded the rights of the defendants, and enabled them to attain a final hearing at less cost than would otherwise ensue. They, therefore, had no just reason to complain. The plaintiff had an undoubted right to discontinue his suit and commence a new action in the amended form, on payment of all costs which had accrued up to that time, and the payment of all such costs was imposed as a condition of the amendment. The plaintiff could therefore have had a hearing in the second action, as soon as the defendants could have been compelled to submit to a trial upon the amended petition. We are therefore of the opinion that the court below did not err in permitting the amended petition to be filed.
2. Did the court err in charging the jury, “ that an arrest founded upon the affidavit in evidence was void, and that the defendants were in law, trespassers, if they procured it to be made
Spice & Son, defendants below, sued plaintiff before a justice of the peace for a balance of account. Summons was issued in that action and served on the plaintiff, who filed a counterclaim exceeding the amount claimed by Spice & Son. The cause was thereupon continued by the justice to a subsequent day. Before the day to wdiich the cause had been continued, Felix N. V. Spice, one of the plaintiffs, applied to the justice for an order for the arrest of the defendant in that suit, and, as a foundation for said order, filed with said justice an affidavit under section 20, of the act regulating the jurisdiction, etc, of justices of the peace, and thereupon, at the instance of Spice & Son, the order was issued and the plaintiff belowr was arrested and detained, until he confessed a judgment in favor of Spice & Son, for the amount claimed by them.
Was this order of arrest void, or merely voidable ? If void, the arrest under it was unlawful, and the defendants below, who procured it to be made, were trespassers; but if merely voidable, the order will sustain the arrest until it is vacated or *218 set aside, which does not appear to have been done or attempted.
The constitution of A. D., 1851 (art. 1, sec. 15), provides, that — “ no person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.” This constitutional provision clearly contemplates legislation before any arrest could be made in civil actions, though fraud may have intervened. Courts, therefore, whether of general or limited jurisdiction, have now no common law power to authorize arrests in such cases, and the power, if it exists at all, must have been conferred by express legislation.
Looking to the legislation for this purpose, we find that it has dispensed with .the ancient writ of capias ad respondendum; and in providing for the enforcement of rights in civil actions, requires that the primary or initial process in all eases shall be a summons, which, when duly served, confers upon the court issuing it jurisdiction over the person of the defendant, for the single purpose of hearing the cause and rendering a judgment in the premises, and as ancillary to the proceedings, but in no way affecting the jurisdiction to hear and determine the suit, it has also provided, that in certain cases of fraud, the plaintiff, by complying with certain specified prerequisites, may also have an order of arrest against the person of the defendant.
It is cleai', we think, that in the exercise of this special and extraordinary power conferred by the statute, and interfering with the personal liberty of the defendant, the course prescribed by the statute should be strictly pursued. See Thatcher v. Powell, 6 Wheat. 119.
Section 20 of the act regulating the jurisdiction, etc., of justices of the peace (1 S. & C. 774), in prescribing the prerequisites to the issuing of an order of arrest in civil actions, provides, that such order shall be issued by the justice when there is filed in his office the affidavit, duly made, of the plaintiff, his agent or attorney, “ stating the nature of the plaintiff’s claim, that it is just, the amount thereof as near as may be, and establishing one or more of the following particulars Then follow five particulars *219 indicating fraudulent conduct or design on the part of the debtor ; the fourth of which is in these words : “ That he has assigned, removed or disposed of, or has begun to assign, remove or dispose of, his property, or any part thereof, with intent to defraud his creditors; ” and the section closes with these words : “ The affidavit shall also contain a statement of the facts claimed to justify the belief in the existence of one or more of the above particulars.”
The affidavit upon which the order of arrest was issued made by one of the plaintiffs before the justice issuing the order, after stating “ that the claim sued on, was a booh account for groceries sold and delivered by plaintiffs to the defendant at his request, — that the claim was just, and that there was due thereon the sum of $9 41, with interest from July 28, 1857,” states, as the further and only predicate for said order: “ That the defendant has begun to dispose of his property, to-wit: certain groceries to Gump & Merrill, with intent to defraud his creditors,” but wholly omits to state any facts claimed to justify his belief in the existence of the particular specified in the affidavit; nor are any facts stated tending, in the remotest degree, to show that the sale of “ certain groceries to Gump & Merrill” was fraudulent as to the creditors of the defendant.
We can by no means assent to the position of counsel for plaintiff in error, that the last clause is directory and not jurisdictional, and that its entire omission would not render the arrest under it void, but merely voidable. The legislature has seen fit to declare that the affidavit to authorize the order, shall contain such statement. It is made a condition precedent to the right to issue the order, and one with which the courts have no right to dispense. “ The laws which impose restraint upon personal liberty, have never been greatly extended by construction, but it has been considered necessary that whatever they enjoin upon the creditor in order to warrant the arrest of his debtor, must have been performed.” Wade v. Judge, 5 Ala. 130.
Again: “ The creditor nay be his own witness fcr the purpose of procuring the warrant, and chooses his own time *220 for arresting the debtor, and it is not too much to require that he should, in the first instance, make out a plain case.” The People v. The Recorder of Albany, 6 Hill, 429.
Again: “ Where certain facts are to be proved to a court of special and limited jurisdiction, as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise; but where the proof has a legal tendency to make out a proper case, in all its parts, for issuing such process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that, purpose.” Bronson, J., in Miller v. Brinkerhoff, 4 Denio, 120.
See, also, 2 Cowen & Hill’s notes to Phillips on Evidence, and cases cited, to the effect, that where the right of issuing process depends upon certain proof being given in order to lay the foundation of it, or certain preliminary and indispensable requisites being complied with, that the want of such proof or preliminary requisite will render the proceeding itself void.
These authorities very clearly indicate, that a total omission, as in the case at bar, to state the facts inducing the belief in the existence of the particular set forth in the affidavit, when such statement is required as a predicate of the order, renders the order itself illegal and void for want of jurisdiction in the justice to issue it, at least as between the parties to the proceeding. And such we conceive to be the general current of authority from the leading case of Smith v. Bouchier et al., 2 Str. 993, down to the present time. Whiting v. Trafton, 16 Maine R. 400; Loder v. Phelps, 13 Wend. 48; Gorton v. Frizzell, 20 Ill. 291; Oredenburgh v. Hendricks, 15 Barb. S. C. 180, and cases cited by Harris, Judge; Egginton v. Litchfield, 85 Eng. C. L. 100 ; Caudle v. Seymour, 1 Gale & Davidson, 454. And this case is fortified by many cases in which persons arrested under warrants and orders of arrest, have been discharged by proceedings in habeas corpus, for defects in the affidavits filed to procure them. Such discharge could not have been made, unless the warrants and orders under which the parties were arrested, were void and not *221 merely voidable. Ex parte Smith, 16 Ill. 347; Stone v. Carter, 13 Gray, 575 ; Nelson et al. v. Graydon et al., 3 McLean, 326 ; Wade v. Judge, 5 Ala. 130.
The authorities cited, and a just and proper regard for personal liberty, constrain us to hold, that where a creditor seeks to arrest his debtor under section 20 of the justice’s code, he must comply with all the conditions thereby prescribed, and must, therefore, state in his affidavit, among other things, “ the facts claimed to justify belief in the existence ” of the fraudulent act and intention set forth as a ground for the order. That until this is done, the justice has no legal authority to issue such order, and that an arrest under an order unsupported by such an affidavit, will be held void in whatever form the question may arise. But if facts are stated which have a legal tendency to induce such belief, although they may be slight and inconclusive, they will support the order until it is reversed. In the one case there is a want of power in the justice; but in the other, it is a mere error in judgment. 4 Denio, 120.
It is said the plaintiff waived all objection to the affidavit, by omitting to move for a discharge from arrest, and also by confessing a judgment in the action and its subsequent payment.
This objection seems to ignore the fact that the court, by service of the summons, had acquired jurisdiction of the person before emanation of the order, and that its continuance or its discharge, could in no way affect the power of the court to try the cause, and render a judgment. The regularity of the •arrest was not involved in the hearing of the cause, nor neces-, sary to confer jurisdiction to determine its merits, and a confession of judgment or a payment of the money, did not admit its regularity. There is no analogy between it and cases where “an appearance to the action” — “pleading to the merits,” etc., have been held a waiver of irregularities in the process by which jurisdiction was acquired. In such case the party is estopped from denying a jurisdiction which he has once in effect conceded. The order of arrest being void, and not merely voidable, there was no necessity for asking to be *222 discharged from it, so long as he did no act recognizing its validity. The confession of judgment and subsequent payment of the money could not, as we have seen, have this effect.
Judgment affirmed.
Brinkerhoee, Scott, Ranney and Wilder, JJ., concurred.