### GEORGE T. BLAKE'S CASE.

A spendthrift under guardianship cannot lawfully be arrested on execution in an action of contract against him, under the charge that he has property not exempt from being taken on execution which he does not intend to apply to the payment of the plaintiff's claim; and may obtain his discharge from the arrest, on *habeas corpus.*

HABEAS CORPUS to the keeper of the jail in Suffolk, who made return to the writ, that he held the prisoner under commitment on an execution, issued against him by the municipal court of the city of Boston, in favor of Henry Haddock and others, upon a judgment recovered by them against him in an action of contract, and annexed a copy of the execution to his return, bearing, as the foundation for the arrest and commitment, an affidavit made in behalf of the judgment creditors before a master in chancery, that the deponent believed and had good reason to believe that the debtor had property not exempt from being taken on execution,

which he did not intend to apply to the payment of the creditors' claim, and the master's certificate of his satisfaction that there was reasonable cause to believe that the charge made in the affidavit was true.

At the hearing by *Wells*, J., before whom the writ was returned, the judgment creditors appeared and contested the debtor's right to a discharge; and it was proved, among other things, that the debtor was a spendthrift under guardianship at the time when the action was brought against him and ever since; that the judgment was rendered against him on his default; that the guardian had *no notice or knowledge of the action*, until after the arrest; and that upon his arrest Blake applied to take the oath for the relief of poor debtors, and was refused it by a magistrate to whom the foregoing facts were made to appear at the time and place of the debtor's examination under his application.

The justice adjourned the case into the court for Suffolk, and reserved it for the determination of the full court upon the questions, " 1. Whether the arrest of the ward upon execution is legal; 2. Whether the refusal of the oath by the master can be revised by this court upon *habeas corpus*, and if so, whether that refusal was improper; and 3. Whether the petitioner is now properly held under the proceedings and commitment; " the petitioner to be remanded or discharged in accordance with the determination.

*H. N. Sheldon & L. M. Child*, for the petitioner.

*A. Cottrell*, for the judgment creditors.

Gray, J. By the Gen. Sts. *c.* 124, § 5, no person shall be arrested on an execution issued for debt or damages in a civil action, except in actions of tort, unless the judgment creditor or some person in his behalf makes affidavit before a magistrate that the debtor has been guilty of one of the fraudulent or wasteful acts specified in the statute. The judgment in this case was rendered in an action of contract, and the only act stated in the affidavit upon which the judgment debtor was arrested on the execution was according to the first specification in the statute, namely, that the debtor had property, not exempt from being taken on execution, which he did not intend to apply to the payment of

the creditors' claim. But as this debtor was at the time a spend-thrift under guardianship, the entire management and control of his property was in his guardian, to the same extent as if he had been insane, and could be applied to the payment of his debts by his guardian only. Gen. Sts. *c.* 109, § 12. The spendthrift could not so apply it himself, and it was impossible that he could be guilty of fraud by not intending to apply to the payment of the judgment creditors' claim property which he had no power or right to apply to that or any other purpose. The necessary con-clusion is, that the affidavit did not charge him with any legal fraud, and therefore did not justify his arrest.

We find nothing inconsistent with this view in the cases cited for the creditors. *Thacher* v. *Dinsmore*, 5 Mass. 299, and *Hicks* v. *Chapman*, 10 Allen, 463, went no further than to declare that the ward's property might be attached or taken on execution in the hands of his guardian. In *Ex parte Leighton*, 14 Mass. 207, it was indeed held that the body of an insane person under guar-dianship might be taken on execution. But at the time of that decision, the statutes did not require any affidavit to warrant an arrest on execution. Sts. 1784, *c.* 28, § 1; 1810, *c.* 114; 1816, *c.* 111. *Bailey* v. *Jewett*, 14 Mass. 155. *Little* v. *Newburyport Bank*, Ib. 443. And in *Conant* v. *Kendall*, 21 Pick. 36, 39, Chief Justice Shaw said that " the arrest of a spendthrift under guardianship, who is by law deprived of all power over his own property and of the means of applying it to the payment of his debts, would be alike oppressive to the debtor, and unavailing to the creditor." Whether this *dictum* was or was not warranted by the law as it then stood, or could or could not be extended even now to every possible case, it does apply, and with peculiar justice and force, to the present case, in which the debtor is not charged by the affidavit with anything except not intending to apply property to the payment of the creditors' debt, which he could not consistently with the law have so applied. The pro-ceedings in the case were not therefore sufficient to make the debtor being a spendthrift, legally liable to arrest on the execu-tion.

The question, whether the prisoner was a person of such a description or condition as could be lawfully arrested on proceedings in the form adopted, is clearly open to proof upon a hearing on a writ of *habeas corpus*. *Ex parte Randolph*, 2 Brock. 448. In New York it has even been held that a warrant issued for the arrest of a man having a family, without the preliminary affidavit required by statute, was utterly void, and did not justify the officer. *Curry* v. *Pringle*, 11 Johns. 444. *Gold* v. *Bissell*, 1 Wend. 210. But the question of the liability of the officer is not now before us, and might be governed by different considerations. For example, an officer who arrests under a process, regular on its face, a person in fact attending court as a witness, and therefore by law exempt from arrest, and makes due return of the process, is not liable for a trespass in arresting him, although he exhibits to the officer a writ of protection ; but the witness is entitled to be discharged on *habeas corpus*, although he has no writ of protection, nor even a summons or any other evidence in writing of his being in attendance as a witness. *Wilmarth* v. *Burt*, 7 Met. 257. *Small* v. *Sumner*, 6 Gray, 239. *May* v. *Shumway*, 16 Gray, 86. The question in this case is, whether the prisoner can be lawfully held ; not whether the officer was a trespasser in arresting him.

It being found that the debtor was a spendthrift under guardianship at the time of the arrest, and the papers being insufficient on their face to justify the arrest of a person in his condition, he is entitled to be discharged on *habeas corpus*. *Commonwealth* v. *Sumner*, 5 Pick. 360. *Commonwealth* v. *Moore*, 19 Pick. 339. *Clarke's case*, 12 Cush. 320. *Adams* v. *Vose*, 1 Gray, 51. *Ex parte Beatty*, 12 Wend. 229. *Nelson* v. *Cutter*, 3 McLean, 326. In *Commonwealth* v. *Whitney*, 10 Pick. 434, a judgment debtor, who alleged that the execution had been discharged by the death of the judgment creditor since its issue, was refused a discharge on *habeas corpus*, and put to his *audita querela*, because the question of law was doubtful and the creditor had not been heard. But here the process was never sufficient on its face to hold the debtor ; the creditor has been fully heard, both before the justice who issued the writ of *habeas corpus*, and before the full court and the facts are all proved by record evidence beyond dispute.

We have no occasion to consider whether the judgment was void, or voidable by writ of error, because the guardian had not been summoned in to defend the action. If this judgment was valid, either absolutely or until reversed, the debtor, for the reasons already stated, was not legally liable to be arrested on the execution. If it was voidable or void, the debtor is not the less unlawfully imprisoned. Our decision does not proceed upon the invalidity or irregularity of the judgment, but upon the insufficiency of the execution and the affidavit annexed thereto to justify the arrest of the judgment debtor.   *Prisoner discharged.*