SAMUEL B. WALKER, Appellant, v. CHARLES CHOVIN et al., Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Claims and demands to be set-off must be mutual, both as to the nature of the demand and identity of parties to the record. There may be an exception to this rule arising out of the agreement of parties.

THIS was a proceeding commenced before a justice of the peace, and taken by appeal to the Common Pleas of Cook county. The cause was heard by J. M. WILSON, Judge, without the intervention of a jury, at November term, 1853, who refused to allow the set-off claimed by appellant here. The judgment in favor of plaintiffs in the court below are sufficiently stated in the opinion of the court.

H. FRINK, for Appellant.

G. GOODRICH and G. A. INGALLS, for Appellees.

HARVARD LAW SCHOOL LIBRARY

SCATES, C. J. An issue without written pleadings seems to have been submitted and tried, without objection to the nature of the defenses offered under it, or to the several proofs in support of them.

The sole point in controversy, as presented by the record, is, whether S. B. Walker, alone, or S. B. and M. O. Walker, as partners, owe the defendants for the bill of goods sued for, and in the latter case, the right to set off an account of S. B. and M. O. Walker against the defendants.

We entertain no doubt, from the evidence, that the indebtedness is a joint or co-partnership one, and due and owing by the firm of S. B. and M. O. Walker, by express agreement between the two firms. The individual partners, during the partnership, and in the regular course of trade and their business, had the power to make such contract and bind their respective firms, and they did so. It appears that these mutual dealings by the respective firms, and the individual members of each, were transacted, and the several items of indebtedness incurred, under the faith of this mutual arrangement. The evidence is clear and conclusive to this effect.

The facts that are presented, as a ground for avoiding this conclusion, are, that the account was opened, and the credit given to S. B. Walker, alone, on defendant's books; that the goods were delivered to, purchased by, and for the individual

use of, the family of S. B. Walker, and that Chovin & Foote have made an assignment of their effects, and this debt, to T. King for the benefit of creditors, and that the debts not being mutual between the parties on the record, the plaintiff has no right to this set-off.

The positions assumed are not sustained by the proofs, and consequently the conclusion of law cannot follow.

The account was opened on defendant's books with S. B. Walker alone, but after the entry of a few items, the name of M. O. Walker was written in small hand on the books, and the remaining items followed the full entry of the names of the two partners. McCarty, an employee of S. B. & M. O. Walker, took up goods to the amount of $6.62 on account of, and had the same charged to, the firm of Walkers. Although $2.62 of this amount was objected to by them, and credited to them for correction, the remainder still stands in the account without objection. It appears that McCarty was in the service of the firm, and they, and not S. B. Walker, should have owed him, and been charged with these goods, according to the previous arrangement for mutual patronage.

Again, the defendants had made out a previous account, for part of the same items included in the account sued on, against S. B. & M. O. Walker, to the amount of $22.21, and delivered a bill of particulars to plaintiff's firm. All the articles in this account appear to have been taken up by the wife and daughter of S. B. Walker. These facts and circumstances strongly and fully corroborate the other evidence in relation to the contract for mutual credit and set-off, between the firms, and show that defendants, themselves, so understood and acted upon it, and gave the credit, and charged the goods to the plaintiff's firm, under that contract. But, had it been neglected or violated, still they should have been so charged, and neither law nor justice will allow, as a justification of a breach of contract, the simple fact that the party did so violate it.

Had the plaintiff pleaded the *non-joinder* in abatement, we should have had no hesitation or difficulty in sustaining the plea on this proof. But that form of defense seems to have been waived, as well as all objections to the proofs, and the question narrowed down to the right to prove a tender of part, and a set-off of this partnership account, to remainder, and the sufficiency of the two together, as establishing the defense.

A tender of twenty dollars was made in open court before the justice of the peace, and entered upon his docket. No question can arise upon it, save as to the amount being sufficient in connection with such set-off as may be allowed.

Walker *v.* Chovin et al.

Had the plaintiff a right to plead and prove this account as a set-off? Claims and demands to be set-off, must be mutual. The supposed want of mutuality here may be that Tuthill King is the beneficiary for creditors, but this can make no difference in this case, as he and creditors are entitled only to the balance which may appear to be due.

Another objection, of like character, may arise, from the fact that defendants sued plaintiff alone for the joint debt of plaintiff and M. O. Walker, and as he has not abated their action by plea, he must answer it as an individual debt. Therefore, the debt offered to be set off, being due to plaintiff and another, is not mutual and cannot be set off. This court held, in *Burgwin et al.* v. *Babcock et al.*, 11 Ill. R. 28, and *Hilliard* v. *Walker*, ibid. 644, that the debt, to be mutual, must be between the parties to the record and all of them. In the former case, the set-off was of a debt due to one defendant only, and, in the latter, to the defendant, and a third person not a party to the record, as in this case, and this was held to destroy its character of mutuality, not being due in the same right. But, in neither of these cases, did the debt sought to be set off, arise out of the same transaction, contract or agreement as the debt sued for. This is the case now before us, and the only feature to distinguish it from *Hilliard* v. *Walker*, except that by this contract, it was expressly agreed that the accounts mutually made, in their course of dealing, should be so settled by set-off.

Upon this ground of identity of cause of action from which both spring, is in part founded the doctrine of recoupment of damages, which is, to a limited extent, in the nature of a set-off, allowing the defendant to prevent a recovery of so much, while he may not have judgment for any excess. *Stow* v. *Yarwood et al.*, 14 Ill. R. 424. I have looked into most of the cases from *Gregg* v. *Phillips*, Breese, 107, down to the case of *Stow* v. *Yarwood et al.*, and find nothing like the present in the facts and circumstances. But, in one thing, there seems to be great uniformity and harmony in the decisions, that mutuality has reference both to the nature of the demand, and identity of the parties to the record. *Nichols* v. *Ruckels*, 3 Scam. R. 298; *Kaskaskia Bridge Company* v. *Shannon*, 1 Gil. R. 15; *Hawks* v. *Lands*, 3 Gil. R. 232; *Sargeant* v. *Kellogg et al.*, 5 Gil. R. 280; *Hinckley et al.* v. *West*, 4 Gil. R. 138. While I have met with no exceptions to this rule, I have with distinctions, that accomplish the same ends of justice by enforcing the contract of the party as a contract, without resort to set-off.

Lord Ellenborough, in *Crosse et al., assignees,* v. *Smith et al.*, 1 Maul. and Selw. R. 556, allowed a set-off in favor of the true parties who advanced the money, although it had been advanced

on a bond given to one of the firm only, yet all were parties before the court. But the facts set up in defense here may be sufficient, without resort to the statute of set-off.

In a case very similar in facts, where a special count set forth the contract, Lord Kenyon held that the defendant had no right to a set-off, in violation of the agreement charged and proved. *Colson et al., assignees of Hunter,* v. *Welsh,* 1 Esp. R. 379.

So it was again decided in the common pleas, MANSFIELD, C. J., delivering the judgment, in *Kinnerly et al., assignees of Brymer,* v. *Hossack,* 2 Taunt. R. 170. Brymer, a tailor, was indebted to Hossack & Pringle, partners, for building; they severally owed him for clothing. These debts had been made after a general agreement had been entered into that they would allow the debts to be mutually set-off, on settlement. The court sustained the defense, and allowed the deduction to be made, and a non-suit was ordered.

This case, it seems to me, falls precisely within the principle of the two last cases, which were not put upon the foundation of set-off, but rather upon the footing of a specific enforcement of the rights of the parties, according to the terms and conditions upon and under which they had mutually incurred these liabilities.

I think the justice of this case requires the allowance and deduction of the plaintiff's account due his firm, credited to the defendants' firm upon the faith of this agreement.

Judgment reversed and remanded.

*Judgment reversed.*