WILHELMINA VON KETTLER *et al.*

*vs.*

MADISON Y. JOHNSON.

1. PLEADINGS—*demurrer.* Where a plea justifies an imprisonment under an order of the county court, but the defendant admits that, as the attorney of a creditor of the estate, he procured the arrest and imprisonment, and attempts to set up in his plea the facts upon which the arrest and committal were made, the plea should show all the facts necessary to give the court jurisdiction, and such a compliance with the statute as justified the county court in issuing the attachment and ordering the committal.

2. JURISDICTION—*inferior courts.* A party, who pleads as a defense the order of a court of limited jurisdiction, and professes to set up the facts, must state such facts as show the court to have had jurisdiction of the subject matter and of the person of the parties. Where a court has such jurisdiction, he nor those who advise or execute his process, can be held liable for a trespass, although the proceedings may be irregular and erroneous. But if the magistrate did not have such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers. The county court has jurisdiction over the general subject matter of the settlement of estates—it is given by the statutes—to attach and commit for the refusal of an administrator to obey an order to pay money to a creditor.

3. Such a plea is defective, unless it shows that a writ of attachment was actually issued; a recital of an order for an attachment, is not sufficient. A party seeking to justify under a judicial writ, it should be set out in the plea in full, or by apt and proper description.

4. PLEA—*setting up the statute to show authority to imprison.* Where a plea attempts to show a compliance with the statute authorizing the imprisonment of an administrator for refusing to pay money to a creditor, when ordered, all the facts necessary to warrant the imprisonment should appear. To authorize the court to order the imprisonment of the administrator, it must first ascertain the amount of money in the hands of the administrator,

belonging to the estate, and the amount of debts allowed against the estate, and, if sufficient, order the payment of the debts in full, and a plea of this character will be defective unless this is averred.

5. Same—*county court—power to imprison.* Although the county court has power to imprison for the non-payment of a claim, under certain circumstances, it does not follow that the court may imprison for another cause. The court could not imprison an administrator for non-payment of a claim, when he has no money of the estate in his hands.

6. Same—*averment as to debts and assets.* The averment that the only debt against the estate is that of the creditor whom the court ordered to be paid, and that the administrator had in his hands assets to a much larger amount, is not sufficient, as it does not appear whether the assets consisted of money, property or choses in action.

7. Same—*demand of payment.* When the court made the order of payment to the creditor, he should have demanded payment of the administrator, and if not paid within thirty days from that time, then, and not till then, could the creditor move for an attachment; this seems to be a jurisdictional fact, and should be clearly averred.

8. Pleading—*averments—general.* To avail of such a defense, it seems that, as the probate court is of a limited, but not inferior, jurisdiction, such a plea of justification need not set up the facts showing jurisdiction, but generally to have averred that the plaintiff was arrested and imprisoned by the sheriff, by virtue of a writ of attachment issued from the county court, on an order, lawfully made, when the presumption would have arisen that the court had jurisdiction to make the order and issue the attachment. It is a court of record, and has a general jurisdiction, of unlimited extent, over a class of subjects, and when acting in reference to them, the jurisdiction is as general as that of the circuit court, and as liberal intendments will be made in favor of its jurisdiction.

9. County Courts.—County courts, when they attempt to enforce compliance with their orders, by imprisonment, should always act with caution, and strictly observe the requirements of the statute.

10. Same—*enforcement of orders.* The power to enforce obedience to an order of court for the payment of money, by imprisonment, is the highest power known to the law, and a party, seeking such a remedy, can not be heard to complain if he be required to strictly pursue the law conferring authority thus to proceed.

Appeal from the Circuit Court of Jo Daviess county; the Hon. Benjamin R. Sheldon, Judge, presiding.

The opinion states the facts of the case.

Messrs. MARVIN & HEMPSTEAD, for the appellants.

Mr. M. Y. JOHNSON, *pro se.*

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of trespass, for false imprisonment, brought by the appellants, who are husband and wife, against the appellee, to recover damages for the arrest and imprisonment of the appellant Wilhelmina Von Kettler.

The declaration contains two counts. The first count is in the usual form, and alleges the imprisonment of the said Wilhelmina in the county jail of Jo Daviess county. The second count charges the defendant with having counseled, advised and procured the arrest and imprisonment, as stated in the first count.

To this declaration, the defendant filed three pleas: First, the plea of not guilty, upon which, issue was joined. The second plea is as follows, viz:

"And for a further plea, in this behalf, said defendant says, *actio non,* because, he says, that Wilhelmina Von Kettler, late Wilhelmina Karrman, while sole and unmarried, was duly appointed, by the county court of Jo Daviess county, Illinois, the administratrix of the estate of her late husband, George Karrman, deceased, about the 12th day of November, A. D. 1866, and duly qualified as such; and afterward, on the 3d day of June, A. D. 1868, she intermarried with one John H. Von Kettler; and afterward, to wit: on the 5th day of March, A. D. 1870, one Julius K. Graves recovered a judgment against them in the circuit court of said Jo Daviess county, as the administratrix of said estate of George Karrman, deceased, for the sum of $3,238.65, to be paid in due course of administration; and afterward, to wit: on the 11th day of March, A. D. 1870, said Julius K. Graves filed a certified copy of said judgment in the county court of Jo Daviess county,

and caused a citation to be duly issued out of and under the seal of said county court, directed to the administrator of said estate (which was duly served by the sheriff of said county) to appear at the said county court, at a regular term thereof, to be holden at the court house, on the 21st day of March, A. D. 1870, to answer the said Julius K. Graves in that behalf, and perform what the said county court might require in that behalf; and in obedience to said citation, this defendant avers, said Wilhelmina Von Kettler, administratrix, aforesaid, and John H. Von Kettler, her husband, did appear in said county court as therein named ; and no cause to the contrary appearing to the court, it was ordered and adjudged by the said county court, that said administratrix, as aforesaid, pay to the said Julius K. Graves, or his attorneys, the amount of said judgment aforesaid, with the interest thereon from the rendition thereof, within thirty days from that date, and take a receipt therefor ; and this defendant avers that afterward, to wit: on the 23d day of April, A. D. 1870, after more than thirty days had intervened, and demand from the date of said order of court aforesaid, this defendant, as one of the attorneys of said Julius K. Graves, filed an affidavit in said court, that neither the said Wilhelmina Von Kettler, administratrix, as aforesaid, nor John H. Von Kettler, her husband, or any person for them or either of them, had complied with said order of said county court, and paid said judgment, or any part thereof, as required by said order aforesaid, but neglected and refused so to do, and thereupon prayed that an attachment may issue against said delinquent administratrix, Wilhelmina Von Kettler, and John H. Von Kettler, her husband. This defendant further avers, the said county court ordered an attachment to issue to the sheriff of said Jo Daviess county against said Wilhelmina Von Kettler, administratrix as aforesaid, and John H. Von Kettler, her husband, to bring their bodies before said county court, at the term then holden, at the court house in said county, to answer for their contempt of court in not obeying the orders of said court aforesaid, in paying said judgment aforesaid; and

this defendant further avers they were arrested by the said sheriff aforesaid, in obedience to the command of said attachment, and brought before the said county court of said Jo Daviess county. The said court, then and there having jurisdiction of the persons and subject matter thereof, and they and each of them failed to purge themselves of the contempt, or to show they or either of them had paid said judgment, or any part thereof, or in any way complied with said order of court, or shown any reason for their neglect and refusal to perform said order of court, duly entered of record as aforesaid, the county court then and there adjudged them guilty of contempt, and ordered the sheriff of said Jo Daviess county to take and imprison the said Wilhelmina Von Kettler, administratrix as aforesaid, and John H. Von Kettler, her husband, in the county jail, until they shall pay said money, according to the order of said county court aforesaid, or shall thence be discharged by due course of law; and this defendant further avers they were imprisoned by said sheriff, under and by virtue of said order of the county court aforesaid, until the 3d day of May, A. D. 1870, when they complied with said order of said court, and paid the money as they were required, under said order, and from thenceforth they and each of them were released and discharged; and this defendant avers this is the same supposed trespass and imprisonment mentioned in plaintiffs' declaration, and no other or different one; and this he is ready to verify, &c. Therefore, he prays judgment, &c."

. The third plea is the same in substance as the second, except that it contains the additional averment, that " there were no debts against said estate, except the debt of the said Julius K. Graves, and that there were assets of said estate, in the hands of the said Wilhelmina Von Kettler and John H. Von Kettler, her husband, to the amount of more than $10,000, and greatly more than would pay said judgment."

To each of said special pleas the plaintiffs filed a general and special demurrer. The court below held the pleas good, and

8—57th Ill.

114          VON KETTLER *et al.* v. JOHNSON.          [Sept. T.,

Opinion of the Court.

overruled the demurrer. The plaintiffs standing by their demurrer, judgment was entered for the defendant.

The judgment of the court, overruling the demurrer to the special pleas of the defendant, is now assigned for error.

The questions presented by this record, are important, and have received the careful attention of the court. The defendant confesses, by his special pleas, that he committed the trespasses complained of in the plaintiffs' declaration; that he, as one of the attorneys of the creditor of the estate of George Karrman, deceased, filed the affidavit for the writ of attachment, and procured the arrest and imprisonment of the administratrix and of her husband, but seeks to justify himself under the orders of the county court of Jo Daviess county.

The first important inquiry is, can this defendant shield himself under the proceedings of the county court of Jo Daviess county, as set out in the special pleas by him filed?

A party who pleads for his defense, the order or process of a court of limited and not general jurisdiction, must state such facts as will show that the court had jurisdiction of the subject matter of the controversy, and of the person of the party.

It is a clear and well defined rule of law, that when a magistrate has jurisdiction of the general subject on which he acts, and of the person of the party, neither he nor those who advise or execute his process, can be made liable, in trespass, for their acts, although the magistrate's proceedings may be erroneous and irregular. *Outlaw* v. *Davis et al.* 27 Ill. 467; *Flack et al.* v. *Ankeny,* Breese, 187.

But, if the magistrate has not such jurisdiction, then he and those who advise and act with him, or execute his process, are trespassers. *Gorton* v. *Frizzell,* 20 Ill. 291.

Let us test the case now before the court, by these well known principles. It can not be denied that the county court of Jo Daviess county had jurisdiction over the general subject on which it acted. Jurisdiction is amply conferred by the statute.

But we think these pleas are defective, in the averment of facts, to show a complete defense to this action. Both of these pleas are defective, in not averring that a writ of attachment was actually issued. They only recite that an order for an attachment was made by the county court. Where a party seeks to justify under a judicial writ, he should set out such writ in full, or by apt and proper description.

Again, these pleas are both defective in another respect.

They purport to state facts, in detail, to show that the county court had jurisdiction to make the order for the arrest of the plaintiffs, or in other words, that the court complied with the statute, so that the court might lawfully imprison the plaintiffs under the provisions of the 126th section of the Statute of Wills. (R. S. 562.) This they do not do. The power to imprison an administrator for the non-payment of a claim against the estate, is only conferred by statute. Before the court can properly make such an order, it must first ascertain the whole amount of moneys in the hands of the administrator belonging to the estate of the deceased, and the whole amount of debts established against such estate, and if there is sufficient money, to order the payment of the debts in full. Ample authority is conferred on the county court for this purpose, by the 123d and 124th sections of the same statute. This the county court did not do; at least, we are not advised by these pleas that it did. Because the county court may properly imprison an administrator for the non-payment of a claim against the estate, under a certain state of facts provided for in the statute, it does not follow that the court may imprison the administrator for another cause. It would be monstrous to hold that the county court could make an order on an administrator to pay a claim against the estate of his decedent, and then attach and imprison him for a non-compliance with such order, when he has no money in his hands with which to pay such claim.

The only averment on this point is contained in the second special plea, where it is averred that there were no debts owing

116          VON KETTLER *et al. v.* JOHNSON.          [Sept. T.,

Opinion of the Court.

by the said estate except that of the creditor, Julius K. Graves, and that the administratrix, Wilhelmina, had in her hands, belonging to said estate, " *assets* " to the amount of over ten thousand dollars.   Of what these *assets* consisted, whether of money or personal property, or choses in action, the pleader does not disclose.

Another defect is apparent in these pleas.   When the county court made its order for the payment of the claim of the creditor, Graves, it was his duty to demand of the administrator a compliance with the order of the court.   (See section 126, above cited.)   Thirty days must then elapse before the court can properly attach the party for a non-compliance with its order.   The pleas in this case do not show distinctly that thirty days elapsed after the demand was made to pay 'the money, according to the order of the county court, and before the defendant made his application for a writ of attachment. This is a jurisdictional fact, and should be clearly and distinctly set forth.   This the defendant has not done in either of his pleas.

It was, perhaps, unnecessary for the defendant to set out, in detail, all the facts required by the statute, to show that the county court could lawfully issue an attachment and imprison the plaintiffs, but having undertaken so to do, he must be required to set forth  every material fact necessary to give the court jurisdiction.

The defendant might have pleaded, for his justification, the writ of attachment; that the plaintiff was arrested and imprisoned by the sheriff by virtue of the writ of attachment issued by the county court on an order lawfully made, and left the court to presume that the county court acted within its jurisdiction, until the contrary should be made to appear.   In the case of *Propst* v. *Meadows,* it was held by this court, that the county court, although of limited, is not, strictly speaking, of inferior jurisdiction.   It is a court of record and has a general jurisdiction of unlimited extent over a certain class of subjects, and, when acting within that sphere,

its jurisdiction is as general as that of the circuit court. When, therefore, it is adjudicating upon the administration of estates, over which it has a general jurisdiction, as liberal intendments will be granted in its favor as would be extended to the proceedings of a circuit court. *Propst* v. *Meadows*, 13 Ills. 157.

We can not but remark, that when county courts attempt to enforce compliance with their orders for the payment of money, they should always act with due caution, and keep strictly within the authority conferred by the statute.

The power to enforce compliance with an order of court for the mere payment of money, by imprisonment, is certainly one of the highest powers known to the law; and the party who seeks to avail of this extraordinary remedy can not be heard to complain if the courts require him to pursue strictly the law conferring authority for such proceeding.

We think the circuit court erred in overruling the demurrer to the defendant's special pleas, for the reasons above suggested, and the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SHELDON, having heard this cause in the court below, took no part in its consideration.