## Madison Y. Johnson

### *v.*

## John H. Von Kettler.

1. County court—*power to imprison for contempt.* The power of county courts to imprison is a special statutory power, and can be exercised only in the cases and in the manner specifically prescribed by the statute. It is not general, but unusual and extraordinary.

2. Former adjudication—*decision of Supreme Court.* Where a judgment is reversed and the cause remanded, and the cause is again brought to this court, the appellant can not again urge as error the same grounds as before, although the reversal may have been placed on other grounds. If dissatisfied with the opinion, he should have presented his petition for its modification in apt time.

3. Pleading—*declaration in trespass—surplusage.* In trespass for false imprisonment, if the declaration charges that the imprisonment was "without any reasonable or probable cause whatever," these words may be rejected as surplusage, and need not be proved. It is otherwise in case for improperly putting in motion regular process of the court.

4. Damages—*special must be claimed.* In trespass for false imprisonment, under color of process, it is error to admit in evidence the condition of the jail in which the plaintiff was confined, to aggravate the damages, where there is no allegation of special damages in the declaration; but if the damages assessed are conceded not to be excessive, this will be no ground of reversal.

Appeal from the Circuit Court of Winnebago county; the Hon. William Brown, Judge, presiding.

This was an action of trespass, by John H. Von Kettler against Madison Y. Johnson, for false imprisonment, under

color of process, or under an order of the county court, which was claimed to be void. The cause originated in Stephenson county, and was taken to Winnebago county by change of venue. A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $300. The defendant appeals.

Mr. M. Y. JOHNSON, *pro se.*

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is the third time this case has been before this court. The first time it was reversed because of error in overruling demurrers to the pleas, ( *Von Kettler* v. *Johnson*, 57 Ill. 109,) and the last time it was reversed because of the admission of improper evidence, and the excessive damages awarded by the verdict, (*Johnson* v. *Von Kettler*, 66 Ill. 63.)

It is conceded now, by appellant, that if appellee is entitled to recover at all, the amount of damages, as assessed by the jury, is not excessive; but he insists, that, under the evidence, appellee has no cause of action. Much of appellant's argument is to establish that the county court, being, in all matters relating to the settlement of estates, a court of general, superior jurisdiction, had jurisdiction over the subject matter, and, having properly acquired jurisdiction over the appellee, its judgment and process, under which appellee was imprisoned, can not be questioned collaterally, and protect all persons acting under them.

The misapprehension, as we conceive, in this argument is, in assuming that county courts possess a general power to enforce their judgments, orders, etc., by imprisonment, as incident to the settling of estates, whereas, in our opinion, their power to imprison is a special, statutory power, and can be exercised only in the cases and in the manner specifically prescribed by the statute. It is not general, but unusual and extraordinary, and even in the case of superior courts the rule is, where " the court exercises a special, statutory and extraordinary power, it stands upon the same ground, and is governed

by the same rules, as courts of limited and inferior jurisdiction." *Haywood* v. *Collins et al.* 60 Ill. 333. And it was, therefore, held, when the case was last before this court, that the imprisonment of appellee was not authorized by the 126th section of the Statute of Wills, because no previous order had been made directing him to pay over money, and that, as to the order made directing the administratrix to pay over money, it was not shown that such demand had been made upon her for the payment of the money subsequent to the making of the order, as was required by that section.

We are not disposed, at this time, to reverse that ruling or re-argue the question. The point was then before the court precisely as it is now, and although the case was reversed on other grounds, it was necessary to consider, and the court did consider, whether in the ruling of the court below in that respect, also, there was error. If appellant desired to re-argue it, he should have presented his petition for a modification of the opinion in apt time. *Kingsbury* v. *Buckner et al.* 70 Ill. 517; *Reed* v. *West*, id. 479.

But it is argued, that it does not appear, from the present record, that appellee was proceeded against under that section of the statute. If not under that section, then under what section was it? He attempts to justify, and in order to do so it is for him to show. We are aware of no other section under which the imprisonment can, on the record before us, be justified. The order under which appellee was imprisoned shows that it was for failing to pay money as previously ordered by the court, and for failing to show any reason for not complying with the order; and the affidavit of appellant for the writ of attachment, and the order for the writ, all show that the proceeding was against the administratrix, with whom the name of appellee was coupled, as her husband, for not complying with the order of court by paying the amount of a judgment in favor of Julius K. Graves, and it is idle to say that either court or counsel supposed they were proceeding under any other section than the 126th. Other sections, it is

true, do authorize imprisonment, but not for the cause disclosed by this record.

It is insisted, the evidence does not show that appellant was so connected with the issuing of the writ as to render him responsible; that he did not ask that the writ upon which appellee was imprisoned be issued, gave no directions to the sheriff, but simply made and filed an affidavit stating the facts as they existed. We can not coincide in this conclusion, from the evidence before us. The circumstances proved, to our minds, establish, with reasonable certainty, that the writ was issued and the arrest made under the direction of appellant.

The objection that the declaration charges that the imprisonment was "without any reasonable or probable cause whatever," and that the court refused to instruct the jury that it was necessary to make proof of this, would be well taken were the action in case for improperly putting in motion regular process of the court; but the action is for trespass for imprisoning, etc., without legal process, and the *gist* is the unlawful, direct force, and the words, "without any reasonable or probable cause," were surplusage. The citation of authorities can not be necessary on a distinction so well established as this is in the elementary works.

We have examined with care the instructions given, as well as those refused, and are satisfied no injustice is done the appellant by the ruling in this respect.

The court erred in admitting in evidence, in aggravation of damages, the condition of the jail, because there was no allegation of special damages on this account in the declaration. *Miles* v. *Weston,* 60 Ill. 364. But, since it is conceded the damages are not more than the jury was authorized to assess from the mere fact of the unlawful imprisonment, it is impossible to say appellant has been prejudiced thereby.

Feeling bound, as we do, by our previous decision in this case, we can not say, after inspecting the entire record, any such substantial error has intervened to appellant's prejudice as requires that the judgment should be reversed. It will, therefore, be affirmed.          *Judgment affirmed.*