DANIEL BLAKE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa March 28, 1896.*

1. CONTEMPT—*of executor for failure to pay as ordered—demand necessary.* Commitment of an executor for contempt in failing to pay over money as ordered on approval of his final report, cannot be made without evidence of the demand required by statute (Rev. Stat. 1874, chap. 3, sec. 115,) for the money due under the order.

2. EXECUTORS AND ADMINISTRATORS—*executor may deduct advancement after report made.* An executor ordered, upon final accounting, to pay a distributive share, is entitled to deduct an advancement made by him on such share after his report was made out but before it was passed upon.

3. EVIDENCE—*what executor may show in defense to charge of contempt.* Upon proceedings against an executor for contempt in failing to pay over a distributive share which he was directed to pay upon final accounting, evidence that he had paid the distributee's share of a note upon which such executor was surety, under an agreement with the distributee that it might be deducted from his share, is admissible.

APPEAL from the County Court of Livingston county; the Hon. C. M. BARICKMAN, Judge, presiding.

C. C. STRAWN, and A. C. NORTON, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Livingston county committed appellant to jail for contempt of court in failing to pay over to J. C. Blake a sum of money ordered to be paid to the latter on the approval of the final report of appellant, as executor of the estate of Joseph Blake, deceased. The proceeding was commenced by a petition of J. C. Blake for a writ of attachment against the defendant. On the hearing the only evidence offered in support of the petition was the final report of defendant, as executor of the last will and testament of Joseph Blake, deceased, and the order of court approving the same and directing defendant to pay to J. C. Blake $360.28 as his distributive share of the estate. There was no evidence of any demand upon defendant for the money due the petitioner under said order, as required by section 115, chapter 3, of the Revised Statutes, in regard to the administration of estates. Without such demand no order of commitment could be made. *VonKettler* v. *Johnson,* 57 Ill. 109; *Haines* v. *People,* 97 id. 161.

The defendant proved that after he made out his final report in the estate, but before it was passed upon by the county court, he paid J. C. Blake $61.25 as an advancement, and took his receipt therefor. He also offered to prove that he had previously paid $54.23 as J. C. Blake's share of a note on which defendant was surety, in pursuance of an agreement of the said J. C. Blake that if he would pay the same he would permit defendant to deduct the amount so paid from any moneys that might be found due said J. C. Blake by the final order of the court in said estate, and that defendant might retain the same out of any such moneys; but the court rejected the offer, and the defendant excepted. It was shown that the defendant had tendered to J. C. Blake the amount required to be paid to him by the order of the county court, after

deducting the amounts so paid and advanced, but the money was refused.

As to the money advanced on the share of J. C. Blake after the report was made out but before it was passed upon, there could be no question as to the right to deduct it. The court could also enforce an agreement for a set-off or deduction of the amount paid for the share of the note. (*Walker* v. *Chovin*, 16 Ill. 489; *Heckenkemper* v. *Dingwehrs*, 32 id. 538.) It was error to reject the evidence of an agreement, and payment under the same, and whether or not, after the final order of the county court, the debt to J. C. Blake became a personal one, so that defendant could set off an amount due him, in the absence of an agreement, need not be considered, since defendant offered to prove such an agreement.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*