## Joseph E. Wice v. Chicago & N. W. Ry. Co.

1. RAILROADS—*Legality of Ordinances Prohibiting Passengers from Leaving Trains While in Motion.*—It is not an unreasonable burden upon passengers to require them to abstain from leaving a train while it is in motion.

2. POLICE POWER—*Prohibiting Persons from Getting on or off of Trains While in Motion.*—An ordinance prohibiting persons from getting on or off of trains while in motion, without the permission of the persons in charge of such trains, and providing a penalty for its violation, is a proper exercise of the police power.

3. ARREST—*When Without Warrant.*—An officer has power to

arrest a person without a warrant, for an offense committed in his presence.

4. JUDICIAL NOTICE—*Courts Will Take, of Navigable Streams.*—The Appellate Court will take judicial notice that the north branch of the Chicago river, across which extends the bridge at or near Kinzie street, is a navigable stream.

Trespass, for false imprisonment. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 19, 1901.

A. B. CHILCOAT and W. P. BLACK, attorneys for appellant.

E. E. OSBORN, attorney for appellee; A. W. PULVER and LLOYD W. BOWERS, of counsel.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

Appellant brought suit against appellee for an alleged false arrest. The general issue, and also a special plea of justification, and certain replications thereto, were filed, and a demurrer *ore tenus* to the replications was sustained. Appellant elected to stand by his replications and thereupon judgment was given for appellee, and this appeal has followed.

The special plea of justification set up that the appellant got off a certain car while the same was in motion, without having first obtained from the person or persons in charge thereof express permission so to do, contrary to the provisions of an ordinance of the city of Chicago, as follows:

"No person shall get upon or off, or attempt to get upon or off any locomotive engine, tender, car or train of cars, or any platform or step thereof, while the same or either of them are in motion, without first having obtained from the person or persons having charge thereof express permission so to do. Any violation hereof shall be punished by fine of not less than $2 nor more than $50 for each offense."

And the plea continued, that thereupon a certain police officer of the city of Chicago, duly authorized, etc., and in

whose presence the said offense was committed, arrested appellant, with gentle hands, etc., and took him before a justice of the peace and there swore to a complaint against him, and that under the authority of the justice appellant was kept in custody, and upon subsequent examination admitted he was guilty of the offense, but upon request of the officer the prosecution was dismissed. To this plea, three replications were filed, as follows:

"First. *Precludi non*, etc., because the said ordinance set up in said plea, if held to extend to prohibit a passenger, as was the plaintiff, from alighting from a passenger train upon a public street of a city, as did the plaintiff, to wit, on Kinzie street, in the city of Chicago, at his own pleasure and instance, when in his judgment it was prudent for him so to do, and when the train had slowed down and was running at a speed which plaintiff and divers other persons believed safe for the purpose of alighting, such ordinance would be null and void upon such construction, and an unwarrantable interference with the liberty and constitutional rights of the plaintiff, and would operate as an unlawful restraint of the plaintiff's right and liberty of action. That the arrest of plaintiff was not justified or excused by the provisions of said ordinance, but was wholly illegal, unwarrantable and unauthorized, and his detention was illegal, etc.

Second. *Precludi non*, etc., because said ordinance was not intended to, and did not and does not, have any application whatever to passengers rightfully upon trains who may desire to alight therefrom upon the public streets of any city. Wherefore such arrest and detention of plaintiff was wholly without legal warrant or authority.

Third. That for a long period of time before the happening of the said grievances, to wit, for the period of two years, the plaintiff had been an habitual traveler upon the said train of the defendant, coming thereon from plaintiff's home in Edison Park, Cook county, Illinois; and that during that entire period it had been and was the custom of the persons in charge of said train to slow the same down as it approached Kinzie street in said city, and before crossing the railroad bridge of the defendant over the north branch of the Chicago river, and that during the whole of said time it had been and was the custom of large numbers of passengers upon defendant's said train, with the full knowledge, acquiescence and consent of the

parties in charge thereof, to alight therefrom upon and near Kinzie street, for the purpose of going thence to their various places of business, in what is known as the West Side of said city, to wit, that part of the city west of the Chicago river; and that plaintiff had been and was accustomed, with the full knowledge, assent and acquiescence of the parties in charge of said train, to alight therefrom for the purpose of going to his business, etc. That plaintiff thereby had the express permission of the parties in charge of said train to alight therefrom at the point aforesaid while said train was in motion, as aforesaid. That the arrest of plaintiff, set up in the declaration, was not under the warrant or authority of, nor by virtue of, the provisions of said supposed ordinance, but was in violation thereof, and wholly unlawful and wrongful, and that the detention of the plaintiff under said arrest was in like manner unauthorized and unwarranted."

The subject-matter of the ordinance, set forth in the plea, is, we think, very clearly within the general police power of the State, which was by paragraph 66, section 62, Ch. 24, Rev. Stat. Ill., delegated to the city of Chicago. McPherson v. Village of Chebanse, 114 Ill. 46; Culver v. City of Streator, 130 Ill. 238.

The Supreme Court, in the last cited case, defined the police power, in general terms, " As comprehending the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public."

The operation of a steam railway involves the performance of a public duty, and statutes and ordinances providing for the discharge of such duty, in the interest of public safety and convenience, find numerous examples in our State statutes and city ordinances.

The ordinance in question was one of such, and the only question as to it, in our minds, is as to whether it was reasonable in the terms provided for punishment of an offense against it. But the possibilities to life and health involved in a violation of the ordinance, are so great in a large city, where so many people use steam trains in their daily life, and injuries are so frequent from a violation of the very acts the ordinance is directed against, that we think strin-

gent regulations and punishments may well be permitted, as being reasonable, to secure the observance of the ordinance. It is not the case of an ordinance that prohibits that which is harmless in itself; and the argument that a person may do that which is forbidden many times without injury to himself or anybody else, is not applicable where common observation teaches that serious accidents frequently arise from doing the same thing. It is not an unreasonable burden upon passengers to require them to abstain from leaving trains while in motion, even though only in slow motion, at a point not a station. The dangers of a different rule are too manifest, and as to this, the court is unanimous in its opinion.

What we have said sufficiently covers the ordinance, and the first and second replications to the plea that set it up in justification.

As to the effect of the third replication, which set up the custom of appellee as evidencing an express permission, by the persons in charge of the train, to the appellant to alight therefrom while it was in motion, this court is divided in opinion. The majority of the court, not including the writer, concurs with the court below that as a matter of law, the replication raises no question of fact to be tried by a jury; that such conduct as the replication alleges by the persons in charge of the train and the appellee and other passengers, can not be held to amount to an express permission to alight from the train while in motion, within the meaning of the ordinance.

The court will take judicial notice that the north branch of the Chicago river, across which extends the bridge at or near Kinzie street, is a navigable stream, and that therefore such bridge as the replication refers to is not a permanent and stationary structure across which an operation of the railroad could be safely conducted without a slowing down of trains at the approach to it, and that because of such necessary slowing down of speed no implied permission, much less an express permission, could, as a matter of law, be given to passengers to alight from the train while it was in motion.

Some argument is indulged in, that the jury having been sworn to try the issues raised by the plea of the general issue, to which a *similiter* had been filed, before the questions raised by the *ore tenus* demurrer to the replications were suggested, the court in some way usurped the functions of the jury in determining certain facts.

But we think not. As soon as the question of the sufficiency of the replications as applied to the plea of justification had been decided adversely to the appellant the case was at an end, and it was proper practice for the court then to discharge the jury, and to give judgment against the appellant.

The further point is made that the police officer had no authority to arrest appellant without a warrant.

It is conceded that Section 12 of Article VI of the Cities and Villages Act, attempts to authorize arrests, without a warrant, for offenses committed in the presence of the officer making the arrest, but appellee insists " that the section referred to is unconstitutional." And the whole argument of counsel, under that head of his brief, is directed to an attack upon the constitutionality of such section.

Assuming that this court has jurisdiction to pass upon the constitutionality of a city ordinance, although it does not have jurisdiction to determine the constitutionality of a State statute, we think the officer had authority in the case at bar to make the arrest, the plea averring that the offense was committed in his presence, and that he immediately took appellant before a justice of the peace and there swore out a complaint against him.

See City of Chicago v. Kenney, 35 Ill. App. 57, where the authority to arrest without a warrant for an offense committed in the officer's presence is impliedly asserted.

The majority of the court are of opinion the judgment appealed from should be affirmed, and it so ordered.