## William Coffman v. John C. Burkhalter et al.

1. TRESPASSES—*Innocent Intentions Not a Defense.*—Persons committing a trespass are liable for actual damages, no matter how good, proper or innocent their intentions may have been.

2. INSTRUCTIONS—*In Trespass Against Joint Defendants.*—In an action of trespass to real estate against several defendants jointly, an instruction which states that the plaintiff can not recover against them, or either of them, for any act or damage done by any one or two of them separately, unconnected with and independent of the other defendant

or defendants and with which all the defendants jointly were in no way or manner connected or concerned, does not state the law correctly.

Trespass, to real estate. Appeal from the Circuit Court of Knox County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed October 8, 1901.

J. A. McKenzie and P. S. Post, attorneys for appellant.

Fletcher Carney, James W. Carney and Shumway & Rice, attorneys for appellees.

Mr. Justice Higbee delivered the opinion of the court.

It appears from the proofs in this case that appellant owned lands south and west of the farm of appellee Burkhalter. The land south of Burkhalter was used by appellant as a pasture, while that on the west was rented to one Kinzer, who had it in corn. In the pasture appellant had 169 head of cattle. It further appears that more than two years prior to the time of the occurrence of the acts complained of in this suit, proceedings had been completed by appellees, as commissioners of highways, to open a public road running north and south between the tract rented by appellant to Kinzer and Burkhalter's land, to the north line of appellant's pasture. The records in reference to the road were not in evidence, but it appears probable that it was provided that the road should extend south through appellant's pasture. It is admitted that the road was not opened within two years by appellants and no attempt was ever made to open it through the pasture, the north line of the same remaining completely fenced. Burkhalter had completed a fence along the east side of the proposed road across his land and had removed the north half of the former division fence between himself and the lands rented by appellant to Kinzer, which was his half of the fence and amounted to eighty rods. The south eighty rods of the old north and south division fence, belonging to appellant, remained standing in what would be the middle of the proposed road. On October 16, 1899, appellees, acting as road

commissioners, for the purpose of opening the road, removed that portion of the north pasture fence, extending from the southwest corner of Burkhalter's land, west to the north and south division fence, belonging to appellant, which still remained standing as above set forth. The length of the fence so removed was about twenty-five feet. As a result of the removal of this fence, 160 head of appellant's cattle escaped from his pasture and 116 head of them went into Kinzer's corn field, where they remained all night. This corn had been planted late and was still soft. The next day appellant, with the assistance of the man who worked for him on the place, drove the cattle out of the corn, back into the pasture and replaced the fence. About two weeks later appellees again tore down the fence so rebuilt and also the eighty rods of the division fence running north and south along the center of the proposed road as above referred to. At this time the cattle did not escape, but appellant was compelled to make a new fence around the gap made in his pasture to keep them in. On October 22, 1900, appellant brought this suit against appellees to recover damages for the injuries occasioned by the trespasses alleged to have been committed by them as above set forth.

Appellant claimed the right to recover for the cost of rebuilding the fences removed, the expense of getting his cattle back into the pasture, and the injury to 160 steers from the effect of the corn eaten by them in Kinzer's field. The case was tried by a jury and there was a verdict and judgment against appellees, appellant's damages being assessed at one cent.

Appellant urges as reasons why the judgment should be reversed that the evidence clearly showed he sustained actual damages far in excess of the amount of the verdict and judgment, that improper instructions were given for appellees and proper instructions offered by appellant refused. Upon the trial it was admitted that appellees, at the time of committing the acts complained of, were commissioners of highways, and that said acts were done without malice and under the belief that they were, in so doing, acting as such

Coffman v. Burkhalter.

commissioners. Plaintiff therefore sought to recover only the actual damages claimed to have been sustained by him. These actual damages, whatever they might be, plaintiff was, under the evidence, undoubtedly entitled to recover. A large amount of the evidence was directed to the question whether appellee's cattle actually suffered materially in market value by reason of the corn eaten by them while in Kinzer's field. But leaving this question, upon which the evidence was conflicting, out of consideration, it was nevertheless clearly shown that appellant was put to the trouble and expense of getting the cattle back into his pasture and of rebuilding the fence at the gap on two different occasions. He was also entitled to recover what it would have cost to replace the eighty rods of the division fence torn down by appellees. These expenses were proven to have been largely in excess of the amount allowed appellant for damages.

Instruction No. 3½ offered by appellant and refused by the court told the jury in effect that in case they found the defendants committed the trespasses complained of they would be bound for actual damages, no matter how good, proper or innocent their intentions may have been. The instruction was not carefully worded, but it declared a correct principle of law which was not covered by other instructions and should have been given.

Instruction No. 4 given for appellees informed the jury that as plaintiff had brought his suit against the defendants jointly, he could not recover against them, or either of them, for any act or damage done by any one or two of them separately, "unconnected with and independent of the other defendants or defendant, and with which all the defendants jointly, were in no way or manner connected or concerned." It is true the jury found a verdict against all of the defendants so that possibly no injury was done by this instruction. It, however, failed to state the law correctly and should not have been given.

For the reasons above indicated the judgment of the court below is reversed and the cause remanded.