## Matthew Markey v. Matthew C. Griffin.

1. CRIMINAL LAW—*Police Officer May Arrest for Misdemeanor Only When Committed in His Presence.*—A city marshal or other police officer has no power to arrest for a misdemeanor or a violation of an ordinance unless the offense is actually committed; and when called upon to justify the arrest he must be able to show that the offense was committed in his presence.

2. ACTIONS—*Trespass and False Imprisonment—Probable Cause and Absence of Malice No Defense.*—In an action for trespass and false imprisonment, probable cause and absence of malice constitute no defense. There must be an existing legal cause for the arrest, and that cause must be a law violated. Belief in the guilt of the party arrested, no matter how strong or well founded, in the mind of the officer or person making the arrest, will not justify the deprivation of another of his liberty. It is unimportant whether the circumstances would lead a reasonable or prudent person to believe that the accused was actually guilty.

3. PLEADING—*Construed Most Strongly Against the Pleader.*—Pleadings are to be construed most strongly against the pleader.

4. BAIL—*When Party is Entitled To.*—Though a party may be under indictment for a bailable felony, yet he is entitled to have bail fixed and give it if he is able to go to the court room a sufficient length of time for that purpose, though he may be so weak or sick that he is unable to remain long enough for a trial.

5. SAME—*Whether it Shall be Given, Not Left to Discretion of Police Officer.*—Whether bail shall be granted or a party deprived of it is not to be left to the determination of a city marshal or police officer.

Markey v. Griffin.

6. SAME—*Pleas Insufficient to Justify Detaining Defendant Over Night Without Opportunity to Give.*—A plea that at the time of the making of said arrest it was after the usual business hours on Saturday evening, June 21, 1902, and that at said time the police magistrate's court was not in fact open for business, with no allegation in the plea as to the time of day the arrest was made, except that it was after the usual business hours, is insufficient to show that it was necessary to have detained defendant over night without an opportunity to give bail.

7.  SAME—*What Justifies Detaining Defendant Over Night.*—Under the statute a person arrested can be detained over night or over Sunday before being arraigned if it is necessary to do so. To show that the detention of defendant in prison over night was necessary, a reasonable effort should have been made to induce the magistrate or justice to issue a warrant and fix bail on the date of the arrest.

Trespass, for assault and false imprisonment.  Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge presiding.  Heard in this court at the May term, 1903.  Reversed and remanded.  Opinion filed August 28, 1903.

C. W. WARNER, SCOFIELD & McMAHAN and APOLLOS W. O'HARRA, attorneys for appellant.

In an action of trespass for assault and false imprisonment, probable cause and the absence of malice constitute no defense.  Such an action must be distinguished from a suit for malicious prosecution.  Hight v. Naylor, 86 Ill. App. 508; Johnson v. Von Kettler, 84 Ill. 315; Shanley v. Wells, 71 Ill. 78; Coffman v. Burkhalter, 98 Ill. App. 304.

A city marshal has no power to arrest for a misdemeanor or violation of an ordinance unless the offense is actually committed, and when called upon to justify he must show that the offense was in fact committed in his presence. Shanley v. Wells, 71 Ill. 78; North v. The People, 139 Ill. 81; Lynn v. The People, 170 Ill. 527.

A police officer has no right to arrest a person on mere suspicion of misdemeanor, nor will mere belief, however well founded, justify an arrest without a warrant, for a mere misdemeanor.  State v. Davidson, 44 Mo. App. 513; Com. v. McLaughlin, 12 Cush. 615; Com. v. Carey, 12 Cush. 246; People v. Burt, 51 Mich. 199; State v. Grant, 79 Mo. 113.

WILLIAM H. HARTZELL and TRUMAN PLANTZ, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action of trespass for assault and false imprisonment. To the declaration, consisting of three counts, the defendant filed five pleas. The first was not guilty, upon which issue was joined. The court sustained a demurrer to the second. Upon the third, a plea of justification, issue was also joined. The court overruled a demurrer to the fourth and fifth pleas. The plaintiff elected to stand by his demurrer. The court thereupon entered judgment for costs against the plaintiff, who brings the case to this court by appeal.

If either the fourth or fifth plea is good, the judgment must be affirmed. If both pleas are bad, the judgment must be reversed. It will be observed that there is no count in the declaration for malicious prosecution. The fourth plea is as follows:

" And for a further plea in this behalf the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because he says that at and prior to the time when, etc., to wit, on the 21st day of June, 1902, the city of LaHarpe was then and there a municipal corporation duly organized under the laws of the State of Illinois; that said city of LaHarpe, by ordinance, duly and properly passed, made and created the office of city marshal of said city of LaHarpe by ordinance duly and properly passed and published as required by law, gave to the city marshal of said city the power and authority of a policeman and was then and there made a peace officer whose duty it was as such officer to see that the ordinances of said city were not violated and that the peace and quiet of the said city were maintained; and that said officer was duly authorized to make arrests without warrants all persons found in the commission of any crime in the said city or violating any ordinance of the same.

This defendant further says that at and prior to the time and ever since said date of the alleged assault mentioned in said plaintiff's declaration, and each count thereof, that he was then and there duly appointed city marshal of the said city of LaHarpe, and was acting as such city marshal at the time of the making of the alleged assaults in the plaintiff's declaration and each count thereof mentioned,

and that the acts alleged by said plaintiff in his declaration and each count thereof as having been done and committed by the defendant were each and all of them committed at and within the corporate limits of the said city of LaHarpe.

This defendant further says that at and prior to the time of the alleged assault mentioned in said plaintiff's declaration, to wit, on the 21st day of June, 1902, there was in form an ordinance of the city of LaHarpe entitled, ' An Ordinance Concerning Public Morals and Decency; ' that said ordinance makes it unlawful for a person to be found upon the streets of said city of LaHarpe, or in any public place in said city in an intoxicated condition, and that said ordinance provides a penalty therefor.

This defendant further says that under and by virtue of the said ordinance of the said city of LaHarpe he was required as the said city marshal to arrest, without warrant, all persons found in the said city violating any of the ordinances of the same, and that when any person is arrested for a violation of any ordinance after the usual business hours in the evening, or at any other time when the police magistrate's court is not open for business, or upon the Sabbath day, the officer so making the arrest shall convey the party to the city prison, and confine him therein until the hour for the sitting of the court on the next succeeding day, or when that day is Sunday, on the day following, unless bail be given by the prisoner as is provided by ordinances of said city.

And this defendant further says that on the date of the said several alleged assaults mentioned in said plaintiff's declaration and each count thereof, that the plaintiff, together with a man by the name of Buggy, were seen to go in a saloon and to come out of the saloon in the city of LaHarpe on divers occasions; that said Buggy was in a staggering condition and was intoxicated; that the plaintiff then and there acted in a boisterous manner and in a way which, from the facts and circumstances as they then and there appeared at the time, would lead a discreet and prudent person to believe that the plaintiff was in an intoxicated condition, and this defendant from the facts and circumstances as they then and there appeared to him did verily believe that said plaintiff was intoxicated; wherefore the defendant, who was then and there the city marshal of the said city of LaHarpe on the said date mentioned in the said plaintiff's declaration, at and within the corporate limits of the said city, acting under such belief and in good faith and

without malice, did gently lay his hand upon the plaintiff and did convey him to the city prison of the said city.

And this defendant further says that at the time of making of said arrest of said plaintiff, that it was after the usual business hours on the evening of Saturday, the 21st day of June, 1902, and that at said time the police magistrate's court is not open for business; that the following day was Sunday, and that on said Sunday morning following the day of said arrest and imprisonment in the city prison, this defendant did release said plaintiff upon his own recognizance, and took his personal word that he would appear before George Coulson, a justice of the peace in and for the said county of Hancock and State of Illinois, on the day following; that on the day following this defendant did file a complaint in writing as required by the ordinances of said city and of the laws of the State of Illinois before George Coulson, justice of the peace as aforesaid, charging the said plaintiff with the violation of the said ordinance hereinbefore mentioned; that a change of venue was taken from the said Coulson to one J. R. R. Morford, police magistrate of said city, before whom a trial was had, and verdict rendered by jury finding the plaintiff not guilty. By means of the several premises plaintiff was kept and retained in prison for a short period of time, to wit, from about seven o'clock of the evening of June 21, 1902, until about nine o'clock of the day following, the same being Sunday morning.

And defendant avers that such imprisonment was a lawful and just one for the cause aforesaid; which are the same supposed trespasses and none other than are in the said declaration mentioned and each count thereof; and this the said defendant is ready to verify."

The fifth plea is as follows:

"And for a further plea in this behalf the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because he says that at and prior to the time when, etc., to wit, on the 21st day of June, 1902, the city of LaHarpe was then and there a municipal corporation duly organized under the laws of the State of Illinois; that said city of LaHarpe by ordinance, duly and properly passed, made and created the office of city marshal of said city; that said city of LaHarpe, by ordinance duly and properly passed and published as required by law, gave to the city marshal of said city the power and authority of a policeman, and he was then and there

made a peace officer whose duty it was as such officer to see that the ordinances of said city were not violated and that the peace and quiet of the said city were maintained; and that said officer was duly authorized to make arrests without warrants of all persons found in the commission of any crime in the said city or violating an ordinance of the same.

This defendant further says that at and prior to the time and ever since said date of the alleged assault mentioned in said plaintiff's declaration and each count thereof, that he was then and there duly appointed city marshal of the said city of LaHarpe, and was acting as such city marshal at the time of the making of the alleged assault in said plaintiff's declaration and each count thereof mentioned, and that the acts alleged by said plaintiff in his declaration and each count thereof as having been done and committed by the defendant were each and all of them committed at and within the corporate limits of the said city of LaHarpe.

This defendant further says that at and prior to the time of the alleged assaults mentioned in said plaintiff's declaration, to wit, on the 21st day of June, 1902, there was in force an ordinance of said city of LaHarpe entitled 'An Ordinance Concerning Public Morals and Decency;' that said ordinance makes it unlawful for a person to be found upon the streets of said city of LaHarpe or in any public place in said city in an intoxicated condition, and that said ordinance provides a penalty therefor.

This defendant further says that under and by virtue of the said ordinance of the said city of LaHarpe he was required as the said city marshal to arrest without warrant all persons found in the said city violating any of the ordinances of the same; and that when any person is arrested without a warrant for the violation of any ordinance of said city after the usual business hours in the evening, or at any other time when the police magistrate's court is not open for business, or upon the Sabbath day, the officer so making the arrest shall convey the party to the city prison and confine him therein until the hour for the sitting of the court on the next succeeding day, or when that day is Sunday, on the day following, unless bail be given by the prisoner as is provided in and by ordinances of the said city.

And this defendant further says that on the date of the said several alleged assaults mentioned in said plaintiff's declaration and each count thereof, that the plaintiff,

together with a man by the name of Buggy, was seen to go into a saloon and to come out of a saloon on divers cocasions; that said Buggy was in a staggering, drunken condition and was intoxicated; that the said plaintiff acted in a boisterous manner, and in such a way that from the facts and circumstances as they then and there appeared at the time a discreet and prudent person would believe that the plaintiff was intoxicated, and this defendant from the facts and circumstances as they then and there appeared to him did verily believe that the said plaintiff was intoxicated; and that after the arrest of the said plaintiff by this defendant that he searched said plaintiff and that he had in his pockets two bottles of intoxicating liquors; wherefore the defendant, who was then and there the city marshal of the said city of La-Harpe on the said date mentioned in the said plaintiff's declaration, at and within the corporate limits of the said city of LaHarpe, believing the said plaintiff to be intoxicated and acting in good faith and without malice, did gently lay his hand upon the plaintiff and did convey him to the city prison of the said city.

And this defendant further says that at the time of the making of the said arrest of the said plaintiff and for a long period of time, to wit, for the space of eighteen hours, the said plaintiff was in such a condition resulting from intoxication that he could not be taken before any judicial tribunal for a hearing on complaint charging him with violation of the ordinances of the said city, and that in his then condition a judicial tribunal would not have been justified in a hearing of his case; that at the time of the making of said arrest it was after the usual business hours on Saturday evening, June 21, 1902, and that at said time the police magistrate's court was not in fact open for business and that the following day was Sunday; and that on said Sunday morning, the morning following the said arrest and said imprisonment in the city prison, this defendant did release said plaintiff upon his own recognizance, and took his personal word that he would appear before a justice of the peace in and for the said county of Hancock and State of Illinois on the day following; and that on the day following, to wit, on Monday, the 23d day of June, 1902, this defendant did file a complaint before George Coulson, one of the justices of the peace in and for the county of Hancock and State of Illinois, charging the said plaintiff with the violation of the said ordinances hereinbefore mentioned; that a change of venue was taken

from the said Coulson to one J. R. R. Monford, a police magistrate of the said city, by the said plaintiff; that a trial was had before the said Monford and a jury, and that the jury did find the said plaintiff not guilty; by means of the several premises, plaintiff was kept and retained in the said city prison for a period of time, to wit, from about seven o'clock in the evening of June 21, 1902, until about nine o'clock of the day following, the same being Sunday morning. And defendant avers that such imprisonment was a lawful and just one for the cause aforesaid; which are the same supposed trespasses and none other than are in the said declaration mentioned and in each count thereof, and this the defendant is ready to verify."

The arrest is sought to be justified under a city ordinance making it an offense for any person to be found upon the streets or in any public place within the corporate limits of the city in an intoxicated condition. The test is, do the counts aver a violation of the ordinance? The arrest was made without a warrant. At the most, the offense would be a misdemeanor. A city marshal or other police officer has no power to arrest for a misdemeanor or a violation of an ordinance unless the offense is actually committed; and when called upon to justify the arrest he must be able to show the offense was committed in his presence. Shanley v. Wells, 71 Ill. 78; North v. The People, 139 Ill. 81; Lynn v. The People, 170 Ill. 527; Wice v. C. & N. W. Ry. Co., 93 Ill. App. 266. In an action for trespass and false imprisonment probable cause and the absence of malice constitute no defense. There must be an existing legal cause for the arrest; and that cause must be a law violated. Such a form of action must be distinguished from an action for malicious prosecution. Hight v. Naylor, 86 Ill. App. 508; Johnson v. Von Kettler, 84 Ill. 315; Shanley v. Wells, 71 Ill. 78; Coffman v. Burkhalter, 98 Ill. App. 304. In this form of an action belief in the guilt of the party arrested, no matter how strong or well founded in the mind of the officer or person making the arrest, will not justify the deprivation of another of his liberty; and it is unimportant whether the circumstances would lead a reasonable or prudent person to believe that the accused was actually

guilty. Each plea fails to allege that appellant was in an intoxicated condition. Each fails to state such facts as are necessary to constitute a violation of the ordinance. Upon the facts averred, a conviction under the ordinance would be unwarranted. It follows from the foregoing authorities that the arrest was illegal and unjustifiable.

It is also contended that the failure to take out a warrant, arraign the appellant before a magistrate on the date of his arrest, and give him an opportunity to be discharged on bail, was illegal, and made his restraint unlawful, even though the arrest had been justifiable. The pleas seek to justify the failure to take the prisoner before a magistrate and have bail fixed on two grounds. The first is the alleged fact that the appellant was in such a condition in consequence of the use of intoxicants that he could not then properly proceed to trial. Pleadings are to be construed most strongly against the pleader. The plea does not allege that appellant was intoxicated at the time of his arrest, but avers that then for eighteen hours, whether prior or subsequent thereto is not stated, he "was in such a condition, resulting from intoxication, that he could not be taken before any judicial tribunal for a hearing on complaint charging him with violation of the ordinances of the said city, and that in his then condition a judicial tribunal would not have been justified in a hearing of his case." Giving this language the strict construction which the law makes it our imperative duty to do, it will be seen that there is no allegation as to the condition of appellant subsequent to the time of his arrest. From such construction nothing appears from the plea but that he was in proper condition to proceed to a hearing at any time after his arrest. But, giving the language a most liberal construction, it contains nothing to negative the idea that he was in such condition that he could have been taken immediately before a magistrate for the purpose of arraignment and bail. All the pleader apparently seeks to negative is that the condition of appellant was such that he could then be detained in court a sufficient length of time for a hear-

ing of his case, which means a trial of the cause. Though a party may be under indictment for a bailable felony, yet he is entitled to have bail fixed, and give it, if he is able to go to the court room a sufficient length of time for that purpose, though he may be so weak or sick that he is unable to remain long enough for a trial. The right to release upon bail is so firmly grounded in our system of jurisprudence by federal and state constitutions, and statute and common law, that one accused of crime, whether guilty or innocent, can not be deprived of the right with impunity. Whether bail shall be granted or a party deprived of it, is not to be left to the determination of a city marshal or police officer. Secondly, it is alleged as a justification for denying appellant bail on the date of his arrest, " that at the time of the making of said arrest it was after the usual business hours on Saturday evening, June 21, 1902, and that at said time the police magistrate's court was not in fact open for business." There is no allegation in the plea as to the time of day the arrest was made, except that it was after the usual business hours. We can not take judicial notice of the time stores are closed and police magistrates retire from their offices in the city of LaHarpe. There is no averment in the plea that appellant was, when arrested, taken immediately to the city jail, hence the averment that he was there kept and retained from about seven o'clock of the evening of June 21st to about nine o'clock of the following morning, does not negative the supposition that he might have been in the custody of appellee for a considerable length of time before his commitment, and a sufficient length of time to have taken him before the other justice of the town, whose office is not averred to have been closed for the day. It appears that there was a justice of the peace and a police magistrate in the city. Either was clothed with authority to issue a warrant, take bail, and hear the case. The appellee did nothing to ascertain whether either official would act if requested. They had authority to take bail and hear the trial, though it were in the evening. Circuit Courts hold night sessions, and have

never been held to be deprived of jurisdiction by lamp-light. The only restriction upon the time a justice of the peace or police magistrate may do official business is the statute prohibiting the making of summonses returnable earlier than eight o'clock in the forenoon, or later than four o'clock in the afternoon. Under the statute a person arrested can be detained over night, or over Sunday, before being arraigned, if it is necessary to do so. To show that the detention of appellant in prison over night was necessary, appellee should have made a reasonable effort to induce the magistrate or justice to issue a warrant and fix bail on the date of the arrest.

We are of the opinion that the pleas do not show that it was necessary to have detained appellant over night without an opportunity to give bail. The demurrer should have been sustained to the fourth and fifth pleas. For the error of not sustaining it the judgment of the Circuit Court will be reversed and the cause remanded.